THE PEOPLE OF THE TERRITORY OF GUAM

v.

VICTOR SAN AGUSTIN, Defendant

Criminal No. 22-76
Criminal No. 10F-76

THE PEOPLE OF THE TERRITORY OF GUAM

v.

JOHN B. MENDIOLA, Defendant

Criminal No. 6F-76

Superior Court of Guam

June 24, 1976

ABBATE, *Judge*

## DECISION

The Court is of the opinion that the search of petitioner's house was legal inasmuch as it was conducted pursuant to a valid search warrant. Although petitioner argues that the warrant was illegal insofar as it was based on information supplied by an untested and undisclosed informant, the Court is of the opinion that this informant meets the two pronged standard established in the *Aguilar* line of cases.

The first prong of "personal knowledge" is clearly met both from the attached affidavit as well as the supporting, supplemental transcript.

The second prong, reliability of informant, although not as clearly met as the first prong, is felt by the Court to meet the basic requirement of constitutional law. In this instance, the reliability of the informant is met by the independent corroboration of the informant's information by the police officers acting pursuant to the information given to them by this informant in the same fashion as occurred in the case of *State v. Marsden*, 528 P.2d 1066. It should be noted here that in the *Marsden* case the setting was a warrantless arrest and here the search was conducted pursuant to a warrant. It has been held that in the latter setting less information is required than in the former, see *Aguilar v. Texas*, 378 U.S. 1509. Although same "poisoned fruits" questions arise as to that portion of the informant's information which in essence was corroborated pursuant to an arrest which was subsequently determined to be illegal, the Court is of the opinion that this

instance is distinguishable from *Wong Sun v. U.S.*, 37 U.S. 471 inasmuch as the "tainted" information is not being used for probable cause purposes but rather for the purpose of corroborating an informant's information in relation to a determination of that informant's reliability.

So ordered.